UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

IN RE:

AVELINA MONICA OXHOLM-DABABNEH,         Case No. 12-31088
                                                              Chapter 13 Proceeding
         Debtor.                                Hon. Daniel S. Opperman
_____/

OPINION REGARDING ORDER CONTINUING AUTOMATIC STAY REGARDING
PROPERTY LOCATED AT 5225 BALDWIN RD., OXFORD, MI 48371-1017

Procedural Background and Facts

A hearing was held on May 8, 2013, regarding the issue of whether PB Reit, Inc. ("PB Reit") is entitled to Section 362(d)(4) in rem relief pursuant to this Court's June 4, 2012, Order Continuing the Automatic Stay. Even though the facts of this case have been recited previously in this Court's bench opinion given on March 11, 2013, in A.P. No. 12-3180, the Court will recite the facts of this case here again, as such are relevant to this Court's findings on the issue currently before it.

The subject of this dispute involves real property located at 5225 Baldwin Road, Oxford, Michigan 48371 (the "Property"). Debtor, Avelina M. Dababneh and her husband, Malik Dababneh, executed and delivered a mortgage to First Indiana Bank, NA, dated May 10, 2002 and recorded on May 20, 2002, in Liber 1521, Page 0622, Lapeer County Records. The Mortgage was given as security for a promissory note in the amount of Five Hundred Thousand and 00/100 ($500,000.00) Dollars dated May 10, 2002.

1

Debtor's First Bankruptcy Case

On November 3, 2004, the Dababnehs sought relief under Chapter 13 of the Code in a previous case, Case No. 04-34561, which was also filed with this Court. On February 7, 2005, First Indiana Bank, N.A. filed a Proof of Claim in the amount of $528,727.00. First Indiana Bank, NA assigned its interest to Mortgage Electronic Registration Systems, Inc. ("MERS"), its successors and/or assigns pursuant to an Assignment of Mortgage dated March 29, 2005 and recorded on June 3, 2005, in Liber 2050, Page 922, Lapeer County Records. The Proof of Claim was amended by MERS on September 28, 2005 to indicate the amount owing was $527,212.97, with a pre-petition arrearage of $35,278.65.

On February 11, 2005, the Dababnehs filed a Chapter 13 Plan. The Plan proposed to pay a monthly payment of $7,391.59, and cure a pre-petition arrearage of $16,504.00 over 36 months. MERS objected to this treatment because, among other things, the Plan treated its mortgage together with an inferior priority mortgage as a single claim, and understated the arrearage owed. The objections were resolved and the Plan was confirmed.

On March 28, 2008, MERS moved for relief from the automatic stay. MERS alleged among other things: It was the holder of the mortgage on the Property; the Dababnehs failed to remit payments to the Chapter 13 Trustee as required under the Plan; the value of the Property was $600,000.00; and the total debt owing on the loan was approximately $575,860.50. The Dababnehs objected to the motion denying the foregoing listed allegations, among others.

After discussions with counsel for MERS, counsel for the Dababnehs consented to an Order granting MERS relief from the automatic stay. The Stipulation was filed and an Order was entered on July 23, 2008. The Order stated, among other things in its findings of fact, that

the debt owing was approximately $575,860.00 at the time that relief from the automatic stay was granted to MERS. PB Reit has since asserted that the last disbursement made on this claim was June 2, 2008.

On March 24, 2009, the Dababnehs converted their Chapter 13 case to a case under Chapter 7. In May 2009, the Dababnehs filed the required Schedules with the Court because of the conversion. Schedules A and B state that the Dababnehs did not have an interest in any real property or any causes of action. The Dababnehs received a discharge on July 14, 2009, and Bankruptcy Case No. 04-34561 was closed later that year, and remains closed.

Foreclosure Proceedings

On September 10, 2008, MERS delivered an Assignment of Mortgage to PB Reit, which was recorded on September 16, 2008, in Liber 2349, Page 722, Lapeer County Records. Due to the Dababnehs' default on the Mortgage, foreclosure was initiated. Notice of the foreclosure was published in The County Press, and circulated within the County of Lapeer, State of Michigan, commencing on September 10, 2008, and ending on October 1, 2008. Notice of the foreclosure was posted on the Property on September 19, 2008. The Sheriff's Sale occurred on October 15, 2008, whereby PB Reit was the successful purchaser bidding $360,000.00 at the sale. The statutory six month redemption period expired without redemption. Upon the expiration of the redemption period, all right, title, and interest vested in PB Reit.

State Court's Findings Regarding Judgment of Possession

Subsequent to the expiration of the redemption period, a Judgment of Possession was granted to PB Reit by the 71-A Judicial District Court, State of Michigan. The Dababnehs then moved to set the Judgment of Possession aside, which the State District Court denied. Pursuant

to the January 19, 2010 Opinion and Order denying the motion for reconsideration, the Honorable John T. Connolly reiterated the following facts:

1. On October 27, 2009 PB Reit filed a summons and complaint against the Dababnehs for eviction.

2. Service was obtained on the Dababnehs on October 29, 2009.

3. The Dababnehs were scheduled to appear before the court on November 9, 2009 at 10:30 a.m.

4. The Dababnehs did not appear at 10:30 a.m.; thus, they were defaulted.

5. The mortgage on the Property was granted to First Indiana Bank, N.A. and was assigned to MERS who then assigned its interest to PB Reit.

6. Because of the Dababnehs' default on the mortgage, foreclosure proceedings were initiated by circulation in the County Press and with notice of foreclosure posted on the Property.

7. A Sheriff's sale occurred on October 15, 2008, where it was purchased by PB Reit.

8. The six month statutory redemption period expired without redemption.

9. The Dababnehs' attorney decided to file an answer to the complaint prior to attending the hearing and did not appear in the courtroom until 10:35 a.m. The Dababnehs, however, had yet to enter the Court House. Soon afterward, the Dababnehs' attorney learned that the Default Judgment had already been awarded.

State Court Opinion, at *1- 2.

4

The court also re-stated the allegations that Debtor (the Plaintiff in that case) alleged in her Affidavit in support of the motion to set aside the default judgment. They were:

    A.    Plaintiff has requested proof of PB Reit's ownership of the Dababnehs' loan.

    B.    Plaintiff has not received correspondence from PB Reit which would indicate that it is a nationally chartered bank.

    C.    Plaintiff should have received over $100,000 more than she apparently did in her Chapter 13 Bankruptcy, and that she did not understand the numbers.

    D.    Plaintiff was in talks with PB Reit to purchase the Property, but ambiguously stated that either she or PB Reit wanted an appraisal first.

    E.    That the economic conditions in Michigan are force majeure of economic proportion and, therefore, the contract with plaintiff is void or voidable especially given that [PB Reit] is in the industry which created these conditions.

State Court Opinion, at *2.

The State District Court considered the arguments advanced by both parties and held that Debtor did not have a meritorious defense, citing *Dan-Kai Tus v. Hurt*, 2009 Mich. App. LEXIS 1440 (Mich. App. June 25, 2009) (unpublished), in which the Michigan Court of Appeals was faced with an analogous situation where there was a default on a mortgage, foreclosure proceedings occurred, notice was given, the sheriff's sale occurred, and the redemption period expired. It was only afterwards that the defaulted party initiated its lawsuit. Citing the *Dan-Kai*

5

*Tus* case, the State District Court held that a showing of fraud, mistake, or accident must be made at the post-redemption stage, and "[s]uch allegations were not attested to in this case." The State District Court further determined, citing *RDM Holdings, LTD. v. Continental Plastics, Co.*, 762 N.W.2d 529, 548 (Mich. Ct. App. 2008), that "any alleged mistake in the bankruptcy proceeding cannot be corrected in this present case. The State District Court determined that the Judgment of Possession would not be set aside because it found absolutely no meritorious defense to PB Reit's complaint..

State Court Opinion, at *3 & n.10.

Debtor's Attempts at Reconsideration and Appeal

Debtor then appealed the State District Court's Order denying the motion to set aside the Default Judgment to the Lapeer County Circuit Court, State of Michigan. After hearing argument from the parties and after review of the pleadings, on October 28, 2010, Circuit Court Judge Nick O. Holowka denied Debtor's Claim of Appeal, affirmed the State District Court's decision, and held that PB Reit properly complied with the statutory foreclosure requirements, PB Reit had standing to complete the foreclosure sale and maintain the district court case, and that the issues relating the bankruptcy proceeding and payments are outside of the jurisdiction of the State Court and under the exclusive jurisdiction of the Bankruptcy Court.

Debtor then moved for reconsideration, and while the reconsideration motion was pending, on February 11, 2011, the Honorable John T. Connolly of the 71A District Court, State of Michigan, issued another Opinion holding that the court stood by its original opinion that was affirmed by the Lapeer County Circuit Court and granted PB Reit's motion for an order of eviction. On February 15, 2011, the Lapeer County Circuit Court issued its Opinion denying

6

Debtor's motion for reconsideration of the October 28, 2010, Order Denying Claim of Appeal. Debtor then appealed the October 28, 2010, Order to the Michigan Court of Appeals. On March 25, 2011, the Michigan Court of Appeals denied Debtor's leave to appeal for lack of merit on the grounds presented.

Debtor applied for leave to appeal the March 25, 2011, Order of the Michigan Court of Appeals to the Michigan Supreme Court. On January 30, 2012, the Michigan Supreme Court denied Debtor's application because it was not persuaded that the questions presented should be reviewed by the it.

Post-Redemption Bankruptcy Cases Filed by Debtor's Spouse

Debtor's spouse, Malik Hanna Dababneh, was a joint debtor as to the Property. After the redemption period had expired, Malik Dababneh filed two Chapter 13 bankruptcy cases in the Detroit division of this District. The first was Case No. 11-48813, filed on March 30, 2011, which was dismissed prior to confirmation on June 27, 2011, upon the Trustee's Motion to Dismiss for failure to appear at an adjourned Section 341 Meeting of Creditors. The second was Case No. 11-61326, filed on August 7, 2011, which was one day prior to the eviction hearing scheduled upon the motion of PB Reit. This second case was dismissed prior to confirmation on November 4, 2011, again due to Mr. Dababneh's failure to appear at an adjourned Section 341 Meeting of Creditors.

Current Bankruptcy Case

On March 14, 2012, Debtor filed the instant Chapter 13 Bankruptcy Case. This case was filed two days after the State Court entered an Order of Eviction on March 12, 2012. Debtor's Schedule B indicates she has no contingent and unliquidated claims of any nature. On June 4,

2012, the Court entered its Order Continuing the Automatic Stay as to the Property, which conditioned continuation of the stay on Debtor making all required plan payments, requiring Debtor to take certain other actions regarding the mortgage loan, and left open the opportunity for either Debtor or PB Reit to "contact Bankruptcy Court Chambers to schedule subsequent hearings as necessary," and provided that this Court "retains jurisdiction of this matter and may reconsider an issue a ruling at a later date."

Debtor filed an adversary proceeding on May 14, 2012, alleging two counts: (1) statutory and civil conversion as to MERS; and (2) violation of Michigan's foreclosure laws as to PB Reit. On November 8, 2012, Debtor and MERS stipulated to dismissal of this action as to MERS only. An Order incorporating that Stipulation and dismissing Debtor's claims against MERS with prejudice was entered on November 8, 2012. As to her Count against PB Reit, Debtor asserted that PB Reit violated Michigan's non-judicial foreclosure laws by a structural defect, which required the sheriff's sale to be set aside and/or rendered void *ab initio*. Debtor also requested damages against PB Reit, and that the sheriff's sale of the Property be set aside. That Adversary Proceeding was dismissed with prejudice via an Order entered on March 28, 2013, after the Court issued its bench opinion on March 11, 2013. The Court found that Debtor was judicially estopped from asserting any violation of Michigan foreclosure laws against PB Reit under res judicata and Rooker-Feldman principles, because the issue of whether the foreclosure process was valid should have been raised by Debtor in the state court summary proceedings, and would require this court to review the findings of the state court in this regard, which is in violation of the Rooker-Feldman doctrine.

On April 8, 2013, Debtor filed a Notice of Appeal of the Court's March 28, 2013, Order

Dismissing Adversary Proceeding with Prejudice. Per a review of the docket in both this case and the docket of the District Court assigned to the appeal,[1] Debtor has not filed a motion for stay pending the appeal.

Also on April 8, 2013, Debtor filed a Motion of Voluntary Dismissal of her bankruptcy case, and an Order Dismissing this case was entered on that same day.

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and E. D. Mich. LR 83.50(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay). The issues in this adversary proceeding arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the Sixth Circuit Court of Appeals in *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

As stated above, even though the bankruptcy case has been dismissed, the Court has determined that it has retained jurisdiction to decide this Motion pursuant to the terms of the June 4, 2012, Order. 11 U.S.C. § 349(b).

## Applicable Law

The issue before the Court is under Section 362(d)(4), which states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by

---

[1] District Court Case No. 13-cv-12075, pending before District Court Judge Terrance G. Berg, and referred to Magistrate Judge Mona K. Majzoub.

terminating, annulling, modifying, or conditioning the stay–. . .

> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--
>
> > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> >
> > (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

The initial burden is upon the moving party, here PB Reit, "'to establish a prima facie case as to all the elements.'" *In re Lee*, 467 B.R. 906 (B.A.P. 6th Cir. 2012) (quoting *In re Poissant*, 405 B.R. 267 (Bankr. N.D. Ohio 2009)).

Thus, a creditor seeking relief under Section 362(d)(4) must prove: "(1) the debtor engaged in a scheme, (2) to delay, hinder or defraud the creditor, and (3) which involved either the transfer of property without the creditor's consent or court approval or multiple filings." *Lee*, 467 B.R. at 920. "A 'scheme' is 'a plan or design or an artful plot'." *Id.* (quoting *In re Smith*, 395 B.R. 711, 719 (Bankr. D. Kan. 2008)). "[A] court may infer an intent to hinder or delay from serial bankruptcy filings if the debtor sought repeated bankruptcy protection for the sole purpose of stopping foreclosure actions." *Lee*, 467 B.R. at 920 (citing *In re Henderson*, 395 B.R.

10

893 (Bankr. D.S.C. 2008)).

## Analysis

The Court first notes that PB Reit need only establish a scheme to delay, hinder <u>or</u> defraud. These words are to be interpreted in the disjunctive, rather than the conjunctive, as confirmed by the Bankruptcy Technical Corrections Act of 2010.[2]

PB Reit's Motion for Relief from Stay and Request for In Rem Relief remained pending at the time Debtor's instant case was dismissed. Pursuant to the terms of the Court's June 4, 2012, Order, the Court retained jurisdiction to decide PB Reit's Motion, and confirmed at the hearing on May 8, 2013, that the determination PB Reit is seeking is an in rem relief determination pursuant to Section 362(d)(4). Thus, when Debtor's bankruptcy case was dismissed upon her own motion with PB Reit's Motion for Relief from Stay pending, a 180-day bar from re-filing began pursuant to 11 U.S.C. § 109(g)(2), and Debtor is barred from re-filing a bankruptcy for 180 days from April 8, 2013. PB Reit acknowledges the 180-bar, but asserts that such does not apply to co-occupant in the Property, Malik Dababneh, and, accordingly, requests in rem relief for that reason as well.

Addressing each element of Section 362(d)(4), the Court concludes that PB Reit has met its prima facie burden in showing the circumstances and timing of Debtor's two bankruptcy cases are indicative of a scheme to delay, first, foreclosure, and then, eviction, of Debtor and her husband from the Property. The timing of Debtor's husband's two bankruptcies cannot be ignored. While neither of Malik Dababneh's bankruptcy cases were or are pending before this

---

[2] The Bankruptcy Technical Corrections Act of 2010 amended Section 362(d)(4) to change the phrase from "delay, hinder, and defraud," to "delay, hinder, or defraud."

11

Court, the timing of such further support a "scheme" of the Debtor to delay the foreclosure and subsequent attempted eviction from the Property through the use of multiple bankruptcy filings. After the first bankruptcy filing in 2004, either Debtor or her husband would file a new bankruptcy case in an attempt to avoid eviction from the Property. The first bankruptcy case filed by Debtor and Malik Dababneh in 2004, was filed prior to foreclosure, but during that case relief from stay was granted to PB Reit, the Property was foreclosed upon, and the redemption period expired. In required amended post-conversion Schedules filed on May 12, 2009, Debtor and her husband denied having any interest in the Property, or any interest in any action to recover the Property. These sworn Schedules are disingenuous and indicative of the initial stages of a scheme to delay when viewed together with the timing of Malik Dababneh's two carefully timed bankruptcy filings and then Debtor's most recent Chapter 13 bankruptcy. All three subsequent cases were filed, respectively, after repeated attempts for reconsideration and appeals of the Order of Eviction were denied, on the eve of a re-noticed eviction hearing, and, finally, two days after an Order of Eviction was entered in favor of PB Reit.

Additionally, Debtor has offered nothing new in this case to counteract a finding of a scheme to delay. Specifically, this Court found that Debtor has no basis to set aside the foreclosure sale, as articulated in this Court's March 11, 2013, Bench Opinion and March 28, 2013, Order Dismissing Debtor's Adversary Proceeding against PB Reit with prejudice. While the Court recognizes that Debtor has an appeal pending of that Order, Debtor has not filed a motion for stay pending appeal. Thus, that determination stands and, in any event, does not negate this Court's conclusion that Debtor, through her multiple bankruptcy filings, engaged in a scheme to delay PB Reit from exercising its rights to possession.

12

12-31088-dof    Doc 110    Filed 07/03/13    Entered 07/03/13 15:48:06    Page 12 of 13

## Conclusion

For the foregoing reasons, the Court grants PB Reit's Motion for In Rem Relief pursuant to Section 362(d)(4)(B). Accordingly, PB Reit may record an Order entered by this Court that shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of entry of such an Order, pursuant to applicable provisions of Section 362(d)(4)(B). Counsel for PB Reit is directed to prepare an Order consistent with this Opinion.

**Signed on July 03, 2013**

                                       **/s/ Daniel S. Opperman**
                                       **Daniel S. Opperman**
                                       **United States Bankruptcy Judge**