UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

IN RE:

AVELINA MONICA OXHOLM-DABABNEH,   Case No. 12-31088
                                  Chapter 13 Proceeding
                Debtor.           Hon. Daniel S. Opperman
_____/

OPINION DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF COURT'S
JULY 9, 2013, ORDER GRANTING IN REM RELIEF FROM STAY REGARDING
PROPERTY LOCATED AT 5225 BALDWIN RD., OXFORD, MI 48371-1017

Debtor Avelina Monica Oxholm-Dababneh has filed a Motion for Reconsideration of this Court's July 3, 2013, Opinion, and July 9, 2013, Order Granting In Rem Relief Regarding property located at 5225 Baldwin Road, Oxford, Michigan ("In Rem Order"). The instant Motion was filed within 14 days after entry of the In Rem Order and is, therefore, governed by Local Rule of Bankruptcy Procedure, E.D. Mich. LBR 9024-1.

Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, a motion for reconsideration may be filed within fourteen (14) days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling

1

law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Rule 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard). An appellate court reviews a bankruptcy court's decision regarding a motion for reconsideration under an abuse of discretion standard.

Debtor raises three arguments in support of her Motion. The Court addresses each argument in turn.

1. <u>Federal Rule of Bankruptcy Procedure 4001(a)(3)</u>. Debtor argues it was palpable error for this Court to enter an order pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), waiving the fourteen day stay imposed upon entry of an order granting relief from stay. The underlying Motion for Relief from Stay filed on May 2, 2012 (Docket #21), requested such a waiver in both the Motion and the proposed order. This was not specifically contested by Debtor in her response filed on May 13, 2012, to the Motion for Relief from Stay (Docket #28). Further, the June 4, 2012, Order Continuing the Automatic Stay (Docket #53) was stipulated to by both the Debtor and Creditor PB Reit, Inc., and contained no mention of Debtor contesting the Rule 4001(a)(3) waiver. The Court finds no palpable defect in entering the In Rem Order containing the Rule 4001(a)(3) waiver as originally proposed.

2. <u>Jurisdiction</u>. Jurisdiction is retained after a case is dismissed pursuant to 11 U.S.C. § 349(b) "for cause." *See In re Hamilton*, 493 B.R. 31, 45 n.12 (Bankr. M.D. Tenn. 2013) (citing *In re Matthews*, No. 10-16869-MDC, 2012 WL 33213, *2 (Bankr. E.D. Pa. Jan. 6, 2012) ("Therefore, the lynchpin of whether a court retains jurisdiction pursuant to the § 349(b) exception is whether a bankruptcy court issued an order prior to or concurrent with dismissal providing for it to retain

jurisdiction over the administration of a debtor's estate.")).  Debtor argues that the Court did not have jurisdiction to enter the In Rem Order because the case was dismissed previously, on April 8, 2013.  Pursuant to the terms of June 4, 2012, stipulated Order Continuing the Automatic Stay (Docket #53), the Court did retain jurisdiction.  In that Order, the Court stated:

> Either party may contact Bankruptcy Court Chambers to schedule subsequent hearings as necessary.
>
> The Court retains jurisdiction of this matter and may reconsider and issue a ruling at a later date.

The Court concluded that jurisdiction was retained specifically to enter relief relating to the June 4, 2012, Order, which Debtor stipulated to, and which ultimately resulted in the In Rem Order.

Furthermore, Debtor asserts that a finding of cause to retain jurisdiction to enter the In Rem Order was palpable error because of the Court's findings concerning Debtor's non-filing spouse, Malik Dababneh.  The Court's analysis of Malik Dababneh's previous bankruptcies and his involvement in state court proceedings concerning the subject real property was relevant to its analysis under 11 U.S.C. § 362(d)(4), not the jurisdictional determination under Section 349(b).  The Section 349(b) determination was made previously under the terms of the June 4, 2012, Order.  The Court concludes it was not palpable error to consider the history of his involvement in Section 362(d)(4) determination, and had nothing to do with the Section 349(b) determination, made over a year ago in the June 4, 2012, Order.

3. <u>Alleged Misstatement of Increase in Debt During Foreclosure Proceedings</u>.  Debtor asserts that it was palpable error for this Court to have not taken into account a "mysterious increase of $12,000 of the debt" between an order lifting stay entered on July 23, 2008, in Debtor's first bankruptcy case, Case No. 04-34561, and later in the First Publication during the foreclosure proceedings in September 2008.  The time for Debtor and her husband to challenge this increase

and amount of debt owed was during the state court proceedings in 2009 and 2010. Whether or not that happened is unclear and would otherwise not be properly reviewed by this Court at this late stage. Regardless, this Court did not take into account any such increase in the amount of the debt owed as such was irrelevant to the Section 362(d)(4) determination made in the In Rem Order. Thus, there was no palpable error on this point as well.

Accordingly, Debtor's Motion To Reconsider the In Rem Order and accompanying Opinion is denied. The Court will enter an appropriate Order.

Not for Publication

**Signed on August 06, 2013**

                                                  **/s/ Daniel S. Opperman**
                                        **Daniel S. Opperman**
                                        **United States Bankruptcy Judge**